UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICK BRYANT, CIVIL NO. 00-1072 (RHK/JMM)

Plaintiff,

v. ORDER

BONDED ACCOUNTS SERVICES,

Defendant.

The above matter came on for hearing before the undersigned on July 24, 2000 upon Plaintiff's Motion to Strike Defendant's Offer of Judgment [Docket No. 7]. Thomas J. Lyons, Jr., Esq. appeared on behalf of Plaintiff; James F. Roegge, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Offer of Judgment [Docket No. 7] is denied.

Dated: August 2, 2000

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff filed the Complaint in this action on April 27, 2000, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") [Docket No. 1]. The Complaint makes

FILED AUG 02 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

no reference to the possibility of this case being brought as a class action, and names Rick Bryant as the only Plaintiff. In the caption to its Answer, however, Defendant styled the case as one brought by "Rick Bryant, on behalf of himself and all others similarly situated." [Docket No. 2]. Plaintiff has since served a Motion for Class Certification on Defendant, which is being briefed by the parties but has not yet been filed.

On June 22, 2000, Defendant served and filed an Offer of Judgment on Plaintiff pursuant to Fed. R. Civ. P. 68, offering him $2,000.00 to settle his claims against Defendant [Docket No. 6]. Plaintiff does not specify on what date the Motion for Class Certification was served, but states that it was served simultaneously with the Motion to Strike currently under consideration. Plaintiff's Memorandum, p. 2, n. 1. Therefore, it appears that the Offer of Judgment was made before the Motion to Certify the Class was served. On July 3, 2000, Plaintiff filed a Motion to Strike Defendant's Offer of Judgment [Docket No. 7]. Plaintiff bases his Motion on the argument that Defendant should not be permitted to make a Rule 68 offer to the potential representative Plaintiff in a putative class action.

## II. RULES 68 AND 23(e)

Federal Rule of Civil Procedure 68 provides:

> **Offer of Judgment**
>
> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

> An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

The "plain purpose of Rule 68 is to encourage settlement and avoid litigation. . . . The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985). Rule 68 is intended to be coercive, in order to encourage settlements and avoid protracted litigation. Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 86 F.R.D. 500, 502 (N.D. Cal. 1980). The hope is that the existence of Rule 68 will encourage plaintiffs to accept reasonable settlement offers rather than forcing defendants through the expensive process of going to trial. If a plaintiff accepts a defendant's offer, in exchange for defendant allowing a judgment to be entered against him in favor of plaintiff for a specified amount, plaintiff is expected to voluntarily dismiss his action against defendant pursuant to Fed. R. Civ. P. 41(a)(1).

Voluntary dismissals under Rule 41(a)(1) are expressly subject to, among other things, the provisions of Fed. R. Civ. P. 23(e). Rule 23(e) provides:

> **Dismissal or Compromise**
>
> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or

> compromise shall be given to all members of the class in such manner as the court directs.

Rule 23(e) serves to protect the members of a class who are not directly involved in any settlement negotiations. "The purposes of Rule 23(e) are to discourage the use of the class action device to secure an unjust private settlement, and to protect the absent class members against prejudice from discontinuance." 3 H. Newberg, Class Actions § 4910, at 402 (1977); see also Simer v. Rios, 661 F.2d 655 (7th Cir. 1981) (policies of Rule 23(e) include protection of absent class members from res judicata judgment and other prejudicial effects of settlement or dismissal), cert. denied, 456 U.S. 917 (1982). A representative plaintiff in a class action cannot simply agree to a settlement that might be advantageous for him personally but not for the other plaintiffs. The court has the responsibility of ensuring that all of the plaintiffs in the class are treated fairly.

Clearly, circumstances could exist where the policies behind Rules 68 and 23(e) could come into conflict. Rule 68 strives to protect defendants from unnecessary litigation by encouraging individual plaintiffs to accept settlements, while Rule 23(e) strives to protect multiple plaintiffs in class actions from entering into settlements that do not adequately compensate them by placing restraints on the settlement process. Whether or not this conflict arises depends on the nature and stage of the litigation. The final issue is whether the Complaint should be treated as a Class Action Complaint.

## III. THE CLASS ACTION CONTINUUM

The question of whether a case is a class action, (making dismissal subject to Rule 23(e), through Rule 41(a)(1)) is not always an easy one. In certain cases the answer is clear. A case consisting solely of pleadings naming a single, individual plaintiff,

with no class allegations, clearly is not a class action, whereas a case in which a class of plaintiffs has been certified by the court clearly is a class action. A continuum exists between these two extremes, and at different points on the continuum the interplay between Rules 68 and 23(e) will be different.

In a case where the plaintiff sues solely as an individual, the plaintiff has no responsibility in the case to anyone but himself. If a defendant makes an offer of judgment pursuant to Rule 68, the plaintiff is free to accept or reject it as he sees fit under Rule 41(a)(1), and there is no cause for concern that his actions might affect the rights of other plaintiffs. Therefore, the policy behind Rule 23(e) does not come into play, and the policy behind Rule 68 can be executed without hindrance.

In a case where a class of plaintiffs has been certified by the court, there is no question that it is a class action and that Rule 23(e) and its policies apply. The lead plaintiff does not have the authority to accept an offer of judgment and dismiss the suit without court approval. Therefore, an offer of judgment made to a lead plaintiff as a proposed settlement for his individual action would be considered on terms applicable to the entire class.

In this case, Plaintiff has served a Motion for Class Certification, but it has not been ruled on by the District Court. At this pre-certification stage, courts differ on whether or not the case can be treated as a class action for purposes of applying Rule 23(e). Most courts that have considered the question have determined that Rule 23(e) applies in the pre-certification context. Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989) ("We . . . adopt the majority approach and hold that Rule 23(e) applies before certification."); Kahan v. Rosenstiel, 424 F.2d 161, 169 (3d Cir.) ("a suit brought as

a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper"), cert. denied, 398 U.S. 950 (1970); accord Glidden v. Chromalloy American Corp., 808 F.2d 621, 626 (7th Cir. 1986); Larkin General Hospital, Ltd. v. American Telephone & Telegraph Co., 93 F.R.D. 497 (E.D. Pa. 1982); Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 86 F.R.D. 500, 504 (N.D. Cal. 1980). However, the Fourth Circuit has reached the opposite conclusion. Shelton v. Pargo, 582 F.2d 1298 (4th Cir. 1978) (Rule 23(e) does not apply prior to class certification); see also Ambalu v. Rosenblatt, __ F.R.D. __, 2000 WL 426581 (E.D.N.Y. March 17, 2000)(where no class has been certified and no motion has been made for certification, the court will apply Rule 68 as it would in any other civil case.)[1]

The issue of whether Rule 23(e) applies to a putative class action before a class is certified has not been directly resolved by the Eighth Circuit. The Eighth Circuit has affirmed a case where the district court expressly applied Rule 23(e) to an action where a class had not been certified, without deciding the issue. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950-51 (8th Cir. 1999)("The district court treated the case as a class action although no class had been certified before summary judgment was granted. Assuming for purposes of analysis that Fed. R. Civ. P. 23(e) applies to putative class actions before certification of the class by the district court, the status of the present case as a putative class action is another reason why appellants

---

[1] Oruga Corp., Inc. v. AT&T Wireless of Florida, Inc., 712 S.2d 1141 (Fla. Dist. Ct. App. 1998), relied upon by Defendant, is not persuasive because the court expressly stated that it was analyzing a legislative enactment rather than a rule of procedure, and that the analysis it applied could not be applied to the federal rules.

could not voluntarily dismiss without approval of the district court."), affirming, 176 F.R.D. 566 (D. Minn. 1997).

We believe that the Eighth Circuit would follow the majority rule, and apply Rule 23(e) to pre-certification class actions. In any event, we will follow the rule that a complaint may be treated as a class action for purposes of Rule 23(e) prior to certification of a class. The question of whether this Complaint should be treated as a class action still remains. Nothing in the Complaint itself, or in statements made by Plaintiff in the parties' Rule 26(f) Report, indicates that Plaintiff brought this case as a class action. On the other hand, Defendant's Answer treated the Complaint as if it were being brought by Plaintiff "on behalf of himself and all others similarly situated," and Defendant made requests about the timing of discovery related to class certification in its contributions to the Rule 26(f) Report. In addition, Plaintiff has served a Motion for Class Certification, and Defendant has responded as if a live issue exists for the Court to resolve on that Motion.

We make no ruling as to whether, if contested by Defendant, the instant Complaint would provide the basis for treating this case as a class action, it is clear that the parties have treated this case as a *de facto* class action. Therefore, we will consider Plaintiff's Motion to Strike Defendant's Rule 68 Offer of Judgment as if Plaintiff's ability to accept the offer of Judgment, and then dismiss under Rule 41(a)(1), is limited by the provisions of Rule 23(e).

**IV. THE MOTION BEFORE THE COURT**

Plaintiff asks that the Offer of Judgment be stricken because he is concerned that, should he reject the offer and then fail to recover a greater amount at trial, Defendant

may seek to recover costs from him pursuant to Rule 68. Plaintiff argues that this result would not be fair in the context of this case. Plaintiff relies upon the decision of the District Court in Janikowski v. Lynch Ford, Inc., 1999 WL 608714 (N.D. Ill. Aug.5, 1999). In that case the court concluded that the offer of judgment was made to the plaintiff at a time when the provisions of Rule 23(e) applied. The court then concluded: "As the putative class representative, Janikowski could not consider a settlement offer made to her personally. Accordingly, Janikowski's motion to strike Lynch Ford's April 29, 1999 offer of judgment is granted." Id. at *2.

Even accepting as true the premise that a class representative may not even consider a settlement offer made to her personally, we do not believe the conclusion follows that a Motion to Strike an Offer of Judgment must be granted. The conflict counsel for Plaintiff seeks to resolve is a hypothetical one. Plaintiff himself has determined that he will not accept the settlement offer, but Defendant has not moved to recover costs from Plaintiff. Defendant has merely made a settlement offer. It is, of course, possible that a controversy over enforcement of the offer of judgment may arise at some point in the future. At this time, any opinion we would issue on the subject would be merely advisory. See Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)("Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies," so courts must refrain from issuing advisory opinions that rest on hypothetical underpinnings.) This result is consistent with the result reached in Chief Magistrate Judge Noel's recent Order on a similar motion in Davis v. Gulf State Credit, L.L.C., Civ. No. 00-798 (JRT/FLN) (D. Minn. May 25, 2000). That Order is currently being

appealed.

The issue of whether a failure to accept an offer warrants imposition of costs under Rule 68 is more properly addressed, if it arises, when such a request for costs is made. At that time the court will have more information on the case and be better equipped to determine whether or not it is appropriate to assess costs. As to that issue, compare Ambalu v. Rosenblatt, __ F.R.D. __, 2000 WL 426581 (E.D.N.Y. March 17, 2000)(compelling plaintiff to accept offer of judgment), with Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30, 86 F.R.D. 500, 502 (N.D. Cal. 1980)(refusing to award costs in class action).

J.M.M.