**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rick Bryant, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

Bonded Accounts Service/Check
Recovery, Inc., a Minnesota corporation,

Defendant.

Civil No. 00-1072 (RHK/JMM)

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is a November 1, 2000 letter from counsel for Plaintiff Rick Bryant, submitted pursuant to Local Rule 7.1(g), requesting leave to bring a motion for reconsideration of the Court's October 30, 2000 Memorandum Opinion and Order denying class certification. Plaintiff's letter is attached hereto. Counsel for Defendant Bonded Account Service/Check Recovery, Inc. ("Bonded") submitted a responsive letter dated November 9, 2000 opposing the request. That letter is also attached hereto.[1]

Local Rule 7.1(g) provides that "[m]otions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of

---

[1] Rule 7.1(g) states that requests to make a motion to reconsider, "and responses to such requests, shall be made by letter to the Court of no more than two pages in length." D. Minn. L.R. 7.1(g) (emphasis added) Defendant's counsel violated Rule 7.1(g) by submitting a three-page opposition letter to the Court.



FILED NOV 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

compelling circumstances." Defendant raised the issue of the statutory damages recoverable by potential class members under the Fair Debt Collection Practices Act ("FDCPA") in its memorandum opposing class certification; however, Plaintiff did not respond to that argument in his reply memorandum. Whether a defendant has a positive net worth is relevant to determining whether a class action is superior for purposes of certification under the FDCPA. See Weber v. Goodman, 9 F. Supp. 2d 163, 170 (E.D.N.Y. 1998) (distinguishing case of Kohlenbrener v. Dickinson, 1996 WL 131736 (N.D. Ill. Mar. 15, 1996), which denied class certification, because Kohlenbrener involved a defendant with a negative net worth). Far from having either undisputed evidence or a factual dispute regarding Bonded's net worth, there is no evidence in the record regarding Bonded's net worth. Thus, it is unclear to the Court whether Bonded has even a positive net worth, let alone that it has a net worth that would support statutory damages to the class of more than pennies per person. Upon reviewing the letters from counsel and the cases cited therein, together with all of the files, records and proceedings herein, the Court concludes that the circumstances presented are not sufficiently compelling to warrant reconsideration.

Accordingly, Plaintiff's request for leave to bring a motion for reconsideration is hereby **DENIED**.[2]

Dated: November 21, 2000.

RICHARD H. KYLE
United States District Judge

[2] The Court's October 30, 2000 Order denying class certification is without prejudice.

**C J C**

**CONSUMER JUSTICE CENTER, P.A.**

*1560 Beam Avenue*
*Suite A*
*Maplewood, Minnesota 55109-1171*
*Telephone: (651) 770-9707*
*Facsimile: (651) 770-5830*
*Internet Address: http://www.consumerjusticecenter.com*
*Email Address: TLyo392208@aol.com*

RECEIVED
NOV 03 2000
U.S. DISTRICT COURT
R.H.K.

November 1, 2000

The Honorable Richard H. Kyle
United States District Court
764 Federal Building
316 North Robert Street
St. Paul, MN 55101

Re: Bryant v. Bonded Accounts
Our File No.: 37064
Court File No.: CV 00-1072 RHK/JMM

Dear Judge Kyle:

This letter is submitted in accordance with Local Rule 7.1(g) seeking a Motion to Reconsider Plaintiff's Motion for Class Certification pursuant to FRCP 23(b)(3). Compelling circumstances exist and necessitate modification of the Court's October 30, 2000, Order denying class certification.

Your Honor's October 30th Order found that Plaintiff had satisfied all requirements of Rule 23(a) leaving only a determination of whether a Rule 23(b)(3) class action would be the "superior" method. Starting at page 18 of the Order the "superior" analysis was done focusing on the impact Defendant's net worth would have on the class statutory damages versus individual recovery pursuant to 15 U.S.C. §1692k. At page 19 the Court concluded that:

> "The maximum potential award of statutory damages if this action were maintained as a class action is clearly relevant to the interests of members of the class in individually controlling the prosecution or defense of separate actions. In light of the uncertainties concerning the damages that could be awarded to absent class members if this action were to be maintained as a class action, the Court concludes that Bryant has failed to establish that a class action is the superior method for adjudicating claims regarding Bonded's form letter."

Several courts have faced the exact same issue and concluded to the contrary. See *Woolley v. Krisor & Associates*, 2000 U.S. Dist. LEXIS 7069 (S.D. Ind. 2000)[1]; *Macarz v. Transworld Systems, Inc.*, 193 FRD 46 (D. Conn. 2000); *Weber v. Goodman*, 9 F. Supp.2d 163, 169-71 (E.D.N.Y. 1998); and *Peters v. AT&T Corp.*, 179 FRD 564, 568 (N.D. Ill 1998). In *Woolley* the court followed the 7th Circuit decision in *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) and held:

> "In keeping with the principles espoused in *Mace*[2] and in recognition that Congress expressly authorized class actions not withstanding the damages 'cap' the court finds the appropriate remedy is simply to include

[1] A copy is attached for the Court's convenience as Exhibit 1.
[2] Judge Cudahy writing for the 7th Circuit addressed the "De Minimis Recovery" theory at 109 F.3d 344-45.

> an explanation of the right to bring an individual action in the notice to the class. (citations omitted) Moreover, class member are always free to opt out of the class to pursue an individual action."

Further, in *Weber* the court in certifying the FDCPA class action rejected arguments that the size of the class, compared with the statutory damages was a reason to deny certification.

> If applied, defendants' argument means that, if defendants had sent fewer allegedly unlawful letters, the class action form would be appropriate because the class member might be able to recover more damages. Since defendants sent out so many allegedly unlawful letters, the class action form is appropriate because Defendant's successfully diluted any one class member's recovery.
>
> Hinging the appropriateness of the class action form to the number of improper letters sent is inappropriate in this case because, no matter the number of letters, it is unlikely that any proposed class member will bring an individual action against defendants for their alleged violations of the FDCPA. The class form is the only way to ensure defendants' compliance with the FDCPA on this point. Each class member has a stake in vindicating his rights, and the public has an interest in seeing that the FDCPA is obeyed. Accordingly, the class action form is the superior method of adjudicating this case.

Your Honor appears to have based the decision to deny certification on the fact that 175 absent class members would be bound and potentially worse off depending on the undetermined net worth of the Defendant[3]. This conclusion is flawed for two compelling reasons. First, certification of the Rule 23(b)(3) requires notice to the absent class members and therefore provides the opportunity to opt out of the action and the ability to pursue an individual claim. See *Mace*, *Woolley, Macarz*, *Peters*, and *Weber*, supra. Second, the Court's analysis results in an usurpation of the absent class members ability to make a choice to join an action, which (a) is well into the discovery process, (b) has survived a motion to dismiss, and (c) may be on the brink of settlement. I respectfully assert that the notification of the action itself, coupled with the absent class members right to opt out and pursue individual claims, should be left to the discretion of the 175 members and not this Court.

Plaintiff respectfully requests that the Court grant his Motion to Reconsider based on the aforementioned on-point body of FDCPA case law or in the alternative modify the Order to (a) certify the Rule 23(b)(3) class of 175 consumers, or (b) issue a denial without prejudice so that Bryant may bring more definitive net worth information to the Court's attention in the near future.

Very truly yours,

Thomas J. Lyons, Jr.

TJR:aw
Enclosure
Cc: Alana Bassin, Esq.
Rick Bryant

3 In the alternative, Plaintiff seeks modification of the Court's October 30, 2000, Order denying Plaintiff Motion for Class Certification *without prejudice* so that after a determination is made on the Defendant's net worth, the Motion could be renewed.

MEAGHER & GEER P.L.L.P.
ATTORNEYS . AT . LAW

4200 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-0661
Facsimile: (612) 338-8384

RECEIVED
NOV 13 2000
U.S. DISTRICT COURT
R.H.K.

VED
2000
U.S. DI... COURT
R.H.K.

Direct Dial: (612)371-1372
Internet: ABASSIN@meagher.com

November 9, 2000

The Honorable Richard H. Kyle
United States District Court
764 Federal Building
316 North Robert Street
St. Paul, MN 55101

RE: Bryant v. Bonded Accounts
Court File No.: CV 00-1072 RHK/JMM
Our FIle No.: 50151-202

Dear Judge Kyle:

This letter is submitted in response to Plaintiff's November 1, 2000 letter to the Court requesting reconsideration of the Court's denial of Plaintiff's Motion for Class Certification.

Plaintiff contends that the finding in your October 30, 2000 Order that a class action is not the "superior" method for resolving plaintiffs' disputes as required by Federal Rule of Civil Procedure 23(b)(3) was in error. Plaintiff argues that it is not appropriate for the Court to consider the size of the class as compared to the statutory damages upon a motion for class certification. Plaintiff is incorrect.

Prior to certifying any class under Rule 23(b)(3), the Court must find that a class action "is superior to other methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In making this finding the rule requires that a court should consider, among other things, "the interest of members of the class in individually controlling the prosecution or defense of separate actions." *Id.* at 23(b)(3)(A). Accordingly, You Honor was correct in finding that the maximum potential award of statutory damages allowable should this action be maintained as a class action is relevant to a "superiority" determination.

A Federal District Court in the Northern District of Mississippi recently refused to certify a plaintiff class in a FDCPA action because the court determined that a class action was not the superior method for the adjudication of that controversy. *Lyles v. Rosenfeld Attorney Network*, 199CV322-D-A, 2000 WL 798824 (N.D. Miss. May 17, 2000). In making this determination, the

court found that the class members could potentially recover only $18.68 if the class were certified and $1,298.78 if it were not. *Id.* at *6. The court went on to note:

> [a]n award of $18.68 is a far cry from the actual damages suffered by the putative class members, $298.78; such an award is shockingly low when compared tot he average $1,298.78 each class member would be eligible to receive in an individual suit.
>
> * * * *
>
> While a potential de minimis monetary recovery does not in and of itself automatically bar a class action, the sharp reduction in monetary damages class members would potentially receive renders the Plaintiffs in this action unable to demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter.

*Id.*, citing *Mace v. Van Ru Credit Copr.*, 109 F.3d 338, 344 (7th Cir. 1997) (additional citations omitted).

Plaintiff contends that any problems with a de minimis recovery can be solved by allowing individual plaintiffs to opt out of the class subsequent to receiving notice of the action pursuant to the provisions of Rule 23(b)(3). However, Plaintiff's argument is flawed and ignores the clear mandate of the rule. First, the fact that a class member may, upon notice, choose to opt out of the class and pursue their claim individually thereby protecting his/her individual interest in receiving a larger recovery, does not necessarily mean that a class action is the appropriate method for resolving the dispute. The mere fact that a class member may choose to opt out of the action does not render the previously inappropriate method for resolving this dispute into the method that is "superior to all other available methods for the fair and efficient adjudication of the matter." *Lyles*, 2000 WL 798824, at *6. Rule 23(b)(3) requires that:

> class action cannot simply be a marginally acceptable device or one merely comparable to other methods of conflict resolution; it must affirmatively be preferable in a legally significant sense. A class action that requires each class member to surrender essentially all of her damages cannot easily be characterized as a superior vehicle for the fair adjudication of a controversy.

*Shelley v. Amsoutn Bank*, CIV.A.97-1170-RV-C, 2000 WL 1121778 (S.D.Ala. July 24, 2000).

*Shelley* involved a Federal District Court's denial for class certification of plaintiffs' Truth in Savings Act (TISA) claims. *Id.* TISA contains a cap on a plaintiff's damages similar to the FDCPA cap. See *id.* at *14. The court found that certifying the class would allow a maximum class member recovery of $1 whereas an individual's allowable statutory damages ranged from $100-$1,000. *Id.* The court pointed out that:

> [t]he most common justification for certifying a Rule 23(b)(3) class action is vindication of the rights of groups of people who individually would be without effective strength to bring their opponents to court at all.

*Id.* at 16, quoting *Amchem Products v. Windsor*, 521 U.S. 591, 617, 117 S.Ct. 2231, 2246, 138 L.Ed. 689 (1997) (internal quotations omitted). Therefore, class actions have been found to be the superior method for resolving disputes where individual claims are so small, and the cost of individually prosecuting them is so great, that there is no individual incentive for plaintiffs to prosecute their claim. *Shelley*, 2000 WL 1121778, at *16. However, important to the court's decision in *Shelley* was fact that TISA allows for an award of costs and attorneys' fees to a successful plaintiff. *Id.* The court stated that while a plaintiff's $100-$1,000 may seem small in present day dollars, "the cost of--and therefore the barriers to -- prosecuting such a claim are correspondingly small. *Id.*

In this case, proceeding individually will allow successful plaintiffs to recover a minimum of $1,000 each. Plaintiffs have not provided any evidence to suggest proceeding with this matter as a class action could provide anywhere near a comparable recovery to individual class members. In addition, the FDCPA provides for an award of attorneys' fees and costs to a successful plaintiff, therefore the barriers to individual prosecution are small. See 15 U.S.C. § 1692k (a)(3). Forcing plaintiffs to go forward individually with their claims will not leave anyone without the strength to vindicate their rights in court.

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's request for reconsideration.

Very truly yours,

Alana K. Bassin
Susan K. Fitzke

skf/AKB/843811.1
Enclosures

CC: Thomas J. Lyons Jr., Esq.
Peter F. Barry, Esq.